IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TIKISHA R. J,

    Plaintiff,

vs.

ANDREW M. SAUL,
Commissioner of Social Security
Administration,

    Defendant.

Case No. 19-CV-135-FHM

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's May 8, 2008, application for disability benefits was denied through the administrative process and was remanded by the district court for further consideration. On remand a hearing before Administrative Law Judge ("ALJ") John W. Belcher was held December 2, 2015. By decision dated January 13, 2016, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 2, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 33 on the date of application for benefits and 40 at the time of the ALJ's denial decision. She completed the 8th grade and formerly worked as a hotel housekeeper. She claims to have been unable to work since October 1, 2007, as a result of bilateral hip pain with degeneration (status post surgery as a child), lumbar spine dysfunction osteoarthritis, left knee derangement, anxiety and depressive disorder.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform light work involving no lifting or carrying more than 20 pounds occasionally and 10 pounds frequently with pushing/pulling limitations consistent with lifting and carrying limitations; standing/walking for two hours of an eight-hour workday, and sitting for 6 hours out of an eight-hour workday; some postural limitations; limited to performing simple, routine, and repetitive tasks; superficial contact with co-workers or supervisors; and no contact with the public. [R. 509].

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to fully develop the case; the RFC is not supported by substantial evidence; the credibility determination is not supported by substantial evidence; and the decision was rendered by an ALJ whose appointment was invalid at the time the decision was rendered.[2]

## **Analysis**

### Development of the Case

Plaintiff asserts that the ALJ erred in failing to develop the record because the ALJ did not order updated consultative examinations, specialized testing, and evaluation by a pain specialist on remand. The court finds no merit to this contention.

The Commissioner has the duty to develop an adequate record relevant to the issues raised. However, an ALJ is normally entitled to rely on the claimant's counsel to structure and present the case. See *Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir. 1997). And, the claimant is responsible for furnishing medical evidence of claimed impairments. *See* 20 C.F.R. §§ 404.1512(a), (c). Plaintiff was represented by counsel at

---

[2] The court has not addressed any issues raised for the first time on appeal in Plaintiff's Reply Brief.

the hearing and no request was made for further testing, examinations, or other development of the record. The court finds that the ALJ did not fail in his duty to develop the record and that the record is adequate.

### RFC Determination

Plaintiff argues that the RFC determination is not supported by substantial evidence because the RFC did not incorporate the opinion of the state agency reviewing physician, Luther Woodcock, that Plaintiff is limited to less than sedentary work. According to Plaintiff, the ALJ did not give sufficient or legitimate reasons for failing to credit Dr. Woodcock's opinion.

The court finds that the ALJ gave sufficient reasons, supported by substantial evidence for the weight accorded Dr. Woodcock's opinion. The ALJ stated:

> [T]he opinion is contradicted by evidence of record dated after the opinion was submitted. The undersigned has not included Dr. Woodcock's restrictions in the RFC because the objective testing, some submitted after Dr. Woodcock reviewed the file, is inconsistent with a finding of inability to frequently lift 10 pounds. For example, no significant abnormalities were found by studies of the cervical, thoracic and lumbar spine (Exhibit 21F/23). MRI study from January of 2014 showed only mild symptoms [sic] (Exhibit 28F).

[R. 518]. Plaintiff asserts that her primary complaint in her application has been her hip pain and limited mobility. According to Plaintiff, the later testing of her spine to which the ALJ referred has no bearing on the long-standing problem with her hips. The Commissioner asserts that the ALJ properly relied on the spinal studies and points to an examination that showed full muscle strength and some limited range of motion in the hips. [Dkt. 19, p. 8; R. 1164].

The ALJ found Plaintiff's lifting abilities were consistent with light work, but her walking and standing were limited to only 2 hours per workday, which is the same limitation contained in Dr. Woodcock's opinion. [R. 228]. The court finds that the ALJ gave legitimate reasons, supported by substantial evidence for the weight accorded Dr. Woodcock's opinion.

<u>Evaluation of Intensity, Persistence, and Limiting Effects of Symptoms</u>

An ALJ is required to evaluate the claimant's statements about the intensity, persistence, and limiting effects of alleged symptoms. Social Security Ruling (SSR) 16-3 (2017), 2017 WL 5180304, outlines the process ALJs are required to employ in evaluating such statements to fulfil the ALJ's obligations set out in the Commissioner's applicable regulations, 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). SSR 16-3p states that in evaluating a claimant's symptoms:

> it is not sufficient for our adjudicators to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent."

2017 WL 5180304 at *10. The SSR further states:

> The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

*Id.*

The ALJ noted the record shows she is able to bear her full body weight and ambulate, she complained of pain exacerbated by movement, but her motor strength was 5/5 in all extremities and sensory exam intact on examination. The ALJ concluded that the

record indicated she maintains the ability to do work where she can remain seated for most of the time, rather than move around since movement is what exacerbates her pain. Thus, she retains the capacity to perform the small amount of movement required of sedentary work. [R. 519]. The ALJ also cited Plaintiff's failure to follow through with physical therapy, and failure to seek regular treatment as being inconsistent with the reported severity of her symptoms. [R. 520]. The court finds that the ALJ gave sufficient reasons, supported by substantial evidence for his evaluation of the weight given Plaintiff's reported symptoms.

Appointments Clause

Based on the holding in the recent Tenth Circuit case, *Carr v. Commissioner, SSA*, 961 F.3d 1367 (10th Cir. 2020), the court rejects Plaintiff's argument that the case should be remanded based on the claim that the ALJ who rendered the decision was not appropriately appointed. In *Carr* the Court ruled that the requirement that administrative remedies be exhausted as a prerequisite to raising an issue in federal court applies to the Appointments Clause issue. *Id*. at 1273. In failing to raise the issue before the Commissioner, the claimant in *Carr* was precluded from raising the issue in federal court, in addition the failure to exhaust was not excused. *Id.* at 1276.

Where, as here, the Plaintiff did not raise the issue of the legality of the ALJ's appointment at the administrative level, the manner of the appointment of the ALJ cannot be the basis for reversal of the Commissioner's decision.

**Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 12th day of August, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE